E-FILED
Monday, 11 January, 2010  10:11:53 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| STEPHAN BLACK, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-CV-3317 |
| SERGEANT BRIAN CAREY, 4054, Correctional Division, Sangamon County Sheriff's Department, Sangamon County, Illinois; M. CURRY, Officer, Correctional Division, Sangamon County Sheriff's Department, Sangamon County, Illinois; and SERGEANT GUY, 2567, Correctional Division, Sangamon County Sheriff's Department, Sangamon County, Illinois, | ) |
| Defendants. | ) |
| SERGEANT BRIAN CAREY, | ) |
| Counter-Plaintiff, | ) |
| v. | ) |
| STEPHEN BLACK, | ) |
| Counter-Defendant. | ) |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Defendants'/Counter-Plaintiff's Motions in Limine (d/e 41) (Motion in Limine). Plaintiff Stephan Black has filed a response, and the matter is ripe for determination. Response of Plaintiff to

Defendants' Counter-Plaintiff's Motion in Limine (d/e 44) (Plaintiff's Response). The parties have consented to a determination of this case by the United States Magistrate Judge, pursuant to 28 U.S.C. § 636. Consent (d/e 39). After carefully considering the case file and the submissions of the parties, the Motion in Limine is allowed in part and denied in part as set forth below.

In December 2005, Black was arrested in Sangamon County, Illinois on a warrant from McLean County, Illinois and taken to the Sangamon County Jail. Defendants are correctional officers at the Sangamon County Jail. Black alleges that Defendants subjected him to excessive force while he was in the Jail. Black seeks compensatory and punitive damages under 42 U.S.C. § 1983. Defendant Brian Carey has filed a counterclaim against Black for assault and battery. Defendants' Motion in Limine seeks an order excluding fourteen categories of information from the jury. For clarity, the Court will utilize the numbering system assigned by Defendants in the Motion in Limine to reference the various requests.

Under the Federal Rules of Evidence, in order for evidence to be admissible, it must be relevant. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Additionally, relevant

evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Court has the power to exclude evidence in limine pursuant to its inherent authority to manage trials. Starks-Harris v. Taylor, 2009 WL 2970382, *2 (N.D. Ind. September 11, 2009). With these principles in mind, the Court turns to Defendants' requests.

Plaintiff does not object to Requests No. 1 and 13. Therefore, by agreement, all parties, attorneys, and witnesses are barred from raising either the possibility that Sangamon County might indemnify the Defendants for any judgment rendered against them or the size, number of attorneys employed, or number of offices of the firm that represents Defendants.

In Request No. 2, Defendants seek to exclude any reference to the disposition of the McLean County Contempt of Court – Failure to Appear charge underlying the warrant on which Black was arrested. According to Defendants, the disposition is irrelevant to the instant lawsuit. Black objects to Request No. 2, arguing that the reason for his arrest is relevant as part of the ongoing transaction which led to his alleged injury. The Motion in Limine, however, does not seek to exclude the reason for Black's arrest, only the eventual disposition of the charge of Contempt of Court – Failure to Appear which occurred subsequent

to the events at issue here. Black fails to argue or establish that the disposition is relevant. Therefore, the Motion in Limine is allowed with respect to Request No. 2, and all parties, attorneys, and witnesses are barred from making any reference to the disposition of the McLean County Contempt of Court – Failure to Appear charge.

In Request No. 3, Defendants seek to exclude any reference to the fact that Black became current on his child support payments after his arrest. According to Defendants, Black was delinquent on his child support payments in South Carolina, which led to the issuance of the McLean County warrant. Defendants assert that the fact that Black eventually became current on his child support payments after the incidents involved in the instant lawsuit is irrelevant. Black objects, arguing that reference to the delinquency of child support is part of the ongoing transaction leading to his alleged injury. Again, the Motion in Limine does not seek to exclude any reference to the delinquency of Black's child support, but rather the fact that Black became current on his child support payments after his arrest. Black does not argue or establish that actions regarding child support that occurred subsequent to the events at issue in this case are relevant. Therefore, the Motion in Limine is allowed with respect to Request No. 3, and all parties, attorneys, and witnesses are barred from making

any reference to the fact that Black became current on his child support payments after his arrest.

In Request No. 4, Defendants seek to exclude any reference to the fact that a criminal trial was held as a result of the events involved in the instant lawsuit. According to Defendants, Black was charged with the criminal offense of aggravated battery by the State's Attorney of Sangamon County based on the events at issue here. Black was acquitted following a criminal trial. Black asserts that reference to the criminal trial may be necessary for impeachment purposes, to establish when and how prior sworn statements were made. The Court disagrees. To the extent it becomes appropriate to impeach a witness with a statement made during the Sangamon County criminal proceeding, Black may reference it as a statement made under oath at a prior proceeding. The exact nature and circumstances of the proceeding are not relevant. Black also argues that "the insistence by the Defendants of criminal charges being brought . . . demonstrates that they sought to protect themselves from this very cause of action." Plaintiff's Response, p. 2. Evidence regarding actions of the Defendants relating to the filing of the Sangamon County charges would not necessarily require reference to the fact that a criminal trial was held. Thus, the admissibility of evidence relating to insistence by the Defendants of criminal charges being brought against Black is not presently before the Court. However, if Black

wishes to raise this type of evidence, he should alert the Court and make a proffer outside the presence of the jury. The Motion in Limine is allowed with respect to Request No. 4.

In Request No. 5, Defendants seek to exclude any reference to the fact that Black was acquitted on the aggravated battery charge as irrelevant based on the different applicable law and standard of proof. In response to Request No. 5, Black incorporates by reference his response to Request No. 4. Black's arguments are not persuasive. As previously noted, information regarding the nature and circumstances of the prior proceeding is not necessary for impeachment. As Defendants correctly note, the criminal proceeding involved a higher standard of proof, thus, the criminal jury's finding is not relevant to the instant matter. Additionally, the danger of unfair prejudice arising out of evidence of the acquittal substantially outweighs its probative value given the different burden of proof. Therefore, the Motion in Limine is allowed with respect to Request No. 5, and all parties, attorneys, and witnesses are barred from making any reference to the fact that Black was acquitted on aggravated battery charges arising out of the incident at issue here.

In Request No. 6, Defendants seek to exclude any reference to Plaintiff suffering loss of income as a result of being held in the Sangamon County Jail. Black responds that loss of income is an element of damages under § 1983.

However, Black is not challenging the propriety of his incarceration, only the treatment he allegedly received while in custody.  At this point, Black fails to identify any evidence to establish that his incarceration resulted from Defendants' challenged conduct.  Nor is there any indication that Black's inability to work resulted from anything other than the fact that he was incarcerated.  Therefore, evidence of loss of income during incarceration is irrelevant, and the Motion in Limine is allowed with respect to Request No. 6.  The Court, however, is cognizant of the Seventh Circuit's instruction that a ruling on a motion in limine is a preliminary, rather than a final, ruling on the admissibility of evidence.  <u>Wilson v. Williams</u>, 182 F.3d 562, 570-71 (7th Cir. 1999).  In the event that Black wishes to present evidence that his loss of income was the result of Defendants' conduct he should alert the Court and make a proffer outside the presence of the jury.

In Request No. 7, Defendants seek to exclude any reference to the fact that Defendant Carey received a one-day suspension in January 1994 for acting improperly with an inmate.  Black objects, arguing that this information is admissible to show prior course of conduct.  Black, however, fails to explain how the two incidents comprise a common course of conduct, and the record is devoid of details relating to the 1994 incident.  Moreover, given the age of 1994 incident, the Court finds that it should be excluded.  The Motion in Limine is allowed with respect to Request No. 7, and all parties, attorneys, and witnesses

are barred from making any reference to the fact that Defendant Carey received a one-day suspension in January 1994 for acting improperly with an inmate.

In Request No. 8, Defendants seek to exclude any reference to other cases of misconduct by correctional officers or the absence of a videotape of the incident as marginally relevant and highly prejudicial. Black objects to this request in part, arguing that the absence of a videotape of the incident is relevant on the issue of whether Defendants acted deliberately. The Court agrees that this evidence is relevant, and the Court finds that it is not unduly prejudicial. Therefore, the Motion in Limine is allowed in part with respect to Request No. 8. Without objection, all parties, attorneys, and witnesses are barred from making any reference to other cases of misconduct by correctional officers. The Motion is Limine is denied to the extent it seeks to exclude reference to the fact that no videotape of the incident exists.

In Request No. 9, Defendants seek to exclude any reference that a taser is "kind of like a cattle prod" as lacking in foundation and highly prejudicial. Motion in Limine, p. 4. Black objects, asserting that a taser is commonly called a cattle prod by the general populous. At this point, Black fails to identify sufficient foundation to support his assertion. Thus, the Motion in Limine is allowed with respect to Request No. 9, and all parties, attorneys, and witnesses are barred from making any indication that a taser is kind of like a cattle prod. If Black

believes that he can establish a foundation for this comparison, he should alert the Court and make a proffer outside the presence of the jury.

In Request No. 10, Defendants seek to exclude any reference to the fact that failure to pay child support was not a crime under the law of South Carolina. According to Defendants, this testimony is not a proper subject for lay testimony, and Black has not identified an expert competent to testify to this information. Black objects, arguing that the Court can take judicial notice of the fact that failure to pay child support is not a crime under the law of South Carolina. The issue of whether failure to pay child support is a crime under the law of South Carolina is a question of law; thus, it is not a matter that necessitates expert testimony. Because Defendants do not challenge the relevancy of this information, the Motion in Limine is denied with respect to Request No. 10. However, if Black intends to raise this issue before the jury, he should present applicable law to the Court prior to trial to establish the matter.

In Request No. 11, Defendants seek to exclude "[a]ny reference to a statement which contradicts a statement made in another proceeding." Motion in Limine, p. 4. Black objects to this request as an improper attempt to preclude allowable impeachment. Request No. 11 is too vague as presented, and therefore, the Motion in Limine is denied in this respect. However, upon

contemporaneous objection, the Court will bar any attempt to use statements that are not proper impeachment.

In Request No. 12, Defendants seek to exclude "[s]tatements of pain and symptoms made by Plaintiff." Motion in Limine, p. 4. According to Defendants, statements of pain and symptoms to another person constitute inadmissible hearsay unless made by a patient to a physician for purposes of treatment, and Black has not designated a physician as a witness. Defendants concede that Black may testify to his own pain and symptoms. Black objects, arguing that "the testimony of the Plaintiff of the physical, emotional, and mental condition is permissible in this cause of action involving excessive force." Plaintiff's Response, p. 3. Black's objection is expressly limited to the admissibility of his own testimony. Defendants agree that Black may testify to his own pain and symptoms, and clearly such evidence does not present hearsay problems. Thus, the Motion in Limine is allowed with respect to Request No. 12 as follows: all parties, attorneys, and witnesses are barred from referencing statements that Black made to others regarding his pain and symptoms. Black may testify to his own pain and symptoms.

Request No. 14 asks the Court to bar any reference to expert opinions, based on the fact that Plaintiff failed to disclose any expert witnesses. Black agrees to Request No. 14, but notes that "if any witnesses of the Defendants

testify contrary to established policy or operation of a taser, the Plaintiff will seek to impeach by the use of books and treatises on this subject." Plaintiff's Response, p. 3. The Motion in Limine is allowed with respect to Request No. 14; however, if Black is able to establish a proper foundation, he may use books and treatises relating to established policy or operation of a taser for impeachment purposes to the extent allowed under the Federal Rules of Evidence.

THEREFORE, Defendants'/Counter-Plaintiff's Motions in Limine (d/e 41) is ALLOWED, in part, and DENIED, in part. The Motion is allowed with respect to Requests No. 1, 2, 3, 4, 5, 6, 7, 9, 12, 13, and 14. The Motion is allowed in part with respect to Request No. 8 as set forth above. The Motion is denied with respect to Requests No. 10 and 11.

IT IS THEREFORE SO ORDERED.

ENTER: January 11, 2010

FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE