IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEPHEN BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3317 |
| | ) | |
| SERGEANT BRIAN CAREY, 4054, Correctional Division, Sangamon County Sheriff's Department, Sangamon County, Illinois; M. CURRY, Officer, Correctional Division, Sangamon County Sheriff's Department, Sangamon County, Illinois; and SERGEANT GUY, 2567, Correctional Division, Sangamon County Sheriff's Department, Sangamon County, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| SERGEANT BRIAN CAREY, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN BLACK, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## **OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is set for trial on February 2, 2010. The parties have submitted their proposed jury instructions and memoranda of law relating to the contested instructions. See Proposed Jury Instructions by Stephan Black (d/e 43);

Proposed Jury Instructions by Brian Carey, M. Curry, and Sgt. Guy and Statement (d/e 45); Plaintiff's Statement pertaining to Jury Instructions (d/e 46). After carefully considering the case file and the submissions of the parties, the Court allows and rejects the instructions as set forth below.

At the final pretrial conference held in this matter, the Court advised that it is the Court's customary procedure to bifurcate liability and damages. Neither counsel objected to a bifurcated trial. However, after reviewing the proposed jury instructions and the nature of the case, the Court does not believe that bifurcating the trial would expedite or economize the litigation. Therefore, bifurcation will not be ordered herein.

No objections have been made to the following instructions proffered by Plaintiff in docket entry 43: Plaintiff's Tendered Instructions No. 1, 3, 8, and 9. These instructions will be given as tendered. Defendants further assert that they have no objection to Plaintiff's Tendered Instructions No. 2, 4, 5, 6, 7, 10, and 11, if the events at trial make them applicable. Plaintiff's Tendered Instruction 2, taken from Seventh Circuit Pattern Instruction 1.02, is refused at this point, as the Court does not anticipate that it will be applicable. In the event that the Court asks a witness a question, Plaintiff is granted leave to resubmit this instruction. Plaintiff's Tendered Instruction 4, based on Seventh Circuit Pattern Instruction 1.07, is refused because the Court's standard practice is to not allow the jury to

take notes during trial. Plaintiff's Tendered Instructions No. 5, 6, 7, 10, and 11 will be given as tendered. If Defendants believe that the events at trial make any of these instructions inapplicable, they should raise the issue with the Court at the jury instruction conference.

Defendants object to Plaintiff's Tendered Instructions No. 12, 13, 14, 15, and 16. Plaintiff's Tendered Instruction 12 is taken from Seventh Circuit Pattern Instruction 7.03. Defendants concede that they were acting under color of law at the time of the incident. As the Committee Comments to Seventh Circuit Pattern Instruction 7.03 instruct, when the "under color of law" element is undisputed, this instruction should be eliminated. Thus, Plaintiff's Tendered Instruction 12 is refused.

Plaintiff's Tendered Instruction 13 is taken from Seventh Circuit Pattern Instruction 7.08, which is titled "Fourth Amendment/Fourteenth Amendment: Excessive Force against Arrestee or Pretrial Detainee – Elements." Defendants object to Plaintiff's Tendered Instruction 13 and have submitted Defendants' Instruction 12, arguing that it is a better and fuller alternative instruction. Black objects to Defendants' Instruction 12, in part, challenging the propriety of the following language "You must give prison officials leeway to adopt and carry out policies and practices that in their reasonable judgment are needed to preserve order and discipline and to maintain security in the prison." As set forth below,

the Court rejects both Plaintiff's Tendered Instruction 13 and Defendants' Instruction 12.

Defendants' Instruction 12 is a modified version of Seventh Circuit Pattern Instruction 7.15, which is titled "Eighth Amendment: Excessive Force against Convicted Prisoner – Elements." Subsection (a) of the Committee Comments to Seventh Circuit Pattern Instruction 7.15 expressly provides as follows: "This instruction applies only to cases involving convicted prisoners. Instruction 7.08 covers arrestees and pretrial detainees." Considering this comment together with the record evidence, the Court deems Seventh Circuit Pattern Instruction 7.08 to be the appropriate elements instruction in the present case given the fact that Black was being held on a contempt of court warrant at the time of the incident in question. Defendants' Instruction 12 is refused. However, as Defendants correctly point out, Plaintiff's Tendered Instruction 13 contains unnecessary language relating to the "under color of law" element, which is not disputed. As subsection (c) of the Committee Comments to Seventh Circuit Pattern Instruction 7.08 instruct, this element should be eliminated if the "under color of law" issue is not in dispute. Therefore, Plaintiff's Tendered Instruction 13 is refused as well. In its place, the Court will give Court's Instruction 1, which is Plaintiff's Tendered Instruction 13 - Seventh Circuit Pattern Instruction 7.08 with

the "under color of law" language removed and clarification regarding multiple Defendants added.

Plaintiff's Tendered Instruction 14 is taken from Seventh Circuit Pattern Instruction 7.09, and provides a definition of "unreasonable" in the excessive force context. Defendants object to Plaintiff's Tendered Instruction 14 and point to Defendants' Instructions 10 and 12 as an alternative. As set forth above, Defendants' Instruction 12 is not appropriate under the facts of the case. Additionally, the Court finds that an instruction based on Seventh Circuit Pattern Instruction 7.09 constitutes a more accurate statement of the law of this Circuit than Defendants' Instruction 10, which is taken from the Third Circuit Model Jury Instructions. Therefore, Defendants' Instruction 10 is refused. Defendants' Instruction 9, which is a prefatory instruction to Defendants' Instruction 10 is also refused. However, as Defendants correctly note, Plaintiff's Tendered Instruction 14 references an arrest, and this is not an arrest case. Therefore, Plaintiff's Tendered Instruction 14 is refused as well. The Court will give Court's Instruction 2 on this issue, which eliminates the reference to an arrest and includes a list of factors that may be relevant to the jury's reasonableness determination, as suggested in subsection (b) of the Committee Comments to Seventh Circuit Pattern Instruction 7.09 and Defendants' Instruction 12.

Black has proffered two compensatory damages instructions, Plaintiff's Tendered Instructions 15 and 16, which are, for the most part cumulative. Defendants object to Plaintiff's Tendered Instructions 15 and 16, correctly noting that these instructions fail to account for the counterclaim. Defendants further assert that the ultimate form of the compensatory damages instruction will depend on the damages evidence offered at trial. Defendants have proffered a compensatory damages instruction, Defendants' Instruction 16. Because none of these proffered instructions adequately and clearly address the counterclaim, Plaintiff's Tendered Instructions 15 and 16 and Defendants' Instruction 16 are refused. The Court has prepared a compensatory damages instruction, Court's Instruction 3, based on Seventh Circuit Pattern Instruction 7.23, which will be given. To the extent a party believes that the evidence at trial necessitates modification of Court's Instruction 3, he should raise the issue with the Court at the jury instruction conference.

No objections have been made to the following instructions proffered by Defendants/Counter Plaintiff in docket entry 45 and they will be given as submitted: Defendants' Instructions 1, 2, 3, 4, 5, 6, 7, 8, 11, 13, 14, and 15. If Black believes that the events at trial make any of these instructions inapplicable, he should raise the issue with the Court at the jury instruction conference. The Court notes for the record that Counter Plaintiff has included instructions

pertaining only to battery, while the Final Pretrial Order (d/e 47) represents that the counterclaim remains one for assault and battery. Based on the current record, it appears that the instructions as proposed are appropriate, and the Court will take no action sua sponte on this issue.

Defendants' Instruction 17 is a punitive damages instruction based on Seventh Circuit Pattern Instruction 7.24, which has been partially modified in an apparent attempt to account for the counterclaim. However, nothing in the Counterclaim (d/e 24), the Final Pretrial Order, or the verdict forms submitted by Defendants/Counter Plaintiff indicates that Counter Plaintiff Carey is seeking punitive damages on his state law claims. See <u>Proposed Jury Instructions by Brian Carey, M. Curry, and Sgt. Guy and Statement</u>, Attachment 1, p. 19, 21. Therefore, Defendants' Instruction 17 is refused. The Court has prepared a punitive damages instruction, Court's Instruction 4, based on Seventh Circuit Pattern Instruction 7.23, which will be given. As with all instructions, Court's Instruction 4 concerning punitive damages will only be given if it is supported by the evidence presented at trial. See <u>Jaffee v. Redmond</u>, 51 F.3d 1346, 1353 (7th Cir., 1995) (holding that jury instructions must be correct statements of the law supported by the evidence).

For clarity and given the rulings set forth above, the Court refuses the verdict forms proffered by Defendants/Counter Plaintiff and has prepared Verdict

Forms A through D.  See <u>Proposed Jury Instructions by Brian Carey, M. Curry, and Sgt. Guy and Statement</u>, Attachment 1, p. 19-22.  Defendants' Instruction 18 is refused because it incorporates the verdict forms which have been refused.  Court's Instruction 5 will be given in its place.

Finally, the Court notes that the parties have failed to proffer an instruction regarding communication with the Court during deliberation.  The Court believes that such an instructions is necessary and has prepared Court's Instruction 6, based on Seventh Circuit Pattern Instruction 1.33, which will be given.  The Court also notes the lack of a deadlock instruction based on Seventh Circuit Pattern Instruction 1.34.  To the extent the parties wish to include such an instruction, they should proffer one to the Court.

THEREFORE, for the reasons set forth above,  Plaintiff's Tendered Instructions No. 1, 3, and 5-11 and Defendants/Counter Plaintiff's Proposed Jury Instructions No. 1-8, 11, 13, 14, and 15 will be given without objection.  Court's Instructions 1 through 6 and Verdict Forms A through D will be given.  Plaintiff's Tendered  Instructions No. 2, 4, 12, 13, 14, 15, and 16 are refused.  Defendants/Counter Plaintiff's Proposed Jury Instructions No. 9, 10, 12, 16, 17, and 18 are refused, as are Defendants/Counter Plaintiff's proposed verdict forms.  The parties are directed to file any supplemental proposed instructions and any objections to the Court's Instructions or Verdict Forms on or before January 22,

2010. The Court and the parties will revisit the instructions at the close of evidence outside the presence of the jury to examine their propriety in light of the evidence presented at trial and the Court's rulings during the course of the trial.

IT IS THEREFORE SO ORDERED.

ENTER: January 13, 2010

    FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE