E-FILED
Wednesday, 13 January, 2010 11:21:14 AM
Clerk, U.S. District Court, ILCD

In this case, Plaintiff claims that Defendants used excessive force against him.  To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.  the Defendant used unreasonable force against Plaintiff, and

2.  because of Defendant's unreasonable force, Plaintiff was harmed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence with respect to a Defendant, then you should find for Plaintiff and against that Defendant, and go on to consider the question of damages relating to that Defendant.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for that Defendant, and you will not consider the question of damages.

Court's Instruction 1
7th Cir. P. I. 7.08

You must decide whether a Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that the Defendant faced. You must make this decision based on what the Defendant knew at the time of the incident, not based on what you know now. In deciding whether a Defendant's use of force was unreasonable, you must not consider whether the Defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In deciding whether Plaintiff has proved that a Defendant used unreasonable force, you may consider such factors as:

- the need for the use of force;

- the relationship between the need for the use of force and the amount of force used;

- the extent of the plaintiff's injury;

- any efforts made by the Defendant to temper or limit the amount of force;

- the threat reasonably perceived by the Defendant.

Court's Instruction 2
7th Cir. P. I. 7.09

If you find in favor of a party, then you must determine the amount of money that will fairly compensate that party for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the excessive force or battery. These are called "compensatory damages."

A party must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

> 1. The reasonable value of medical care and supplies that the party reasonably needed and actually received as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.
>
> When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.
>
> 2. The wages that the party has lost.
>
> 3. The physical and mental/emotional pain and suffering and loss of a normal life that the party has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the party for the injury he has sustained.

If you find in favor of a party but find that the party has failed to prove compensatory damages, you must return a verdict for the party in the amount of one dollar ($1.00).

Court's Instruction 3
7th Cir. P. I. 7.23

Plaintiff Stephen Black seeks punitive damages. If you find for Plaintiff, you may, but are not required to, assess punitive damages against the particular Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Court's Instruction 4
7th Cir. P. I. 7.24

The Plaintiff is Stephen Black. The Defendants are Sergeant Brian Carey, Correctional Officer Marty Curry, and Sergeant Todd Guy.

The Counter Plaintiff is Sergeant Brian Carey, and the Counter Defendant is Stephen Black.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdicts, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Court's Instruction 5
7th Cir. P. I. 1.32 (modified)

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Court's Instruction 6
7th Cir. P. I. 1.33

# VERDICT FORM A

## EXCESSIVE FORCE CLAIM – DEFENDANT BRIAN CAREY

We the Jury find for _____.
                          Plaintiff Stephen Black/Defendant Brian Carey

[NOTE: Complete the following only if you found for Plaintiff Black]

    We assess compensatory damages in the amount of $_____.
    We assess punitive damages in the amount of $_____.


Date:_____


_____         _____
    Presiding Juror

_____         _____

_____         _____

_____         _____

# VERDICT FORM B

## EXCESSIVE FORCE CLAIM – DEFENDANT MARTY CURRY

We the Jury find for _____.
                      Plaintiff Stephen Black/Defendant Marty Curry

[NOTE: Complete the following only if you found for Plaintiff Black]

    We assess compensatory damages in the amount of $_____.
    We assess punitive damages in the amount of $_____.


Date:_____


_____                _____
    Presiding Juror


_____                _____


_____                _____


_____                _____

# VERDICT FORM C

## EXCESSIVE FORCE CLAIM – DEFENDANT TODD GUY

We the Jury find for _____.
                        Plaintiff Stephen Black/Defendant Todd Guy

[NOTE: Complete the following only if you found for Plaintiff Black]

    We assess compensatory damages in the amount of $_____.
    We assess punitive damages in the amount of $_____.


Date:_____


_____           _____
    Presiding Juror

_____           _____


_____           _____


_____           _____

# VERDICT FORM D

## BATTERY CLAIM

We the Jury find for _____.
        CounterPlaintiff Brian Carey/CounterDefendant Stephen Black

[NOTE: Complete the following only if you found for CounterPlaintiff Carey]

    We assess compensatory damages in the amount of $_____.


Date:_____


_____                    _____
    Presiding Juror

_____                    _____


_____                    _____


_____                    _____