E-FILED
Friday, 29 January, 2010 03:58:56 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| STEPHEN BLACK, <br><br> Plaintiff, <br><br> v. <br><br> SERGEANT BRIAN CAREY, 4054, Correctional Division, Sangamon County Sheriff's Department, Sangamon County, Illinois; M. CURRY, Officer, Correctional Division, Sangamon County Sheriff's Department, Sangamon County, Illinois; and SERGEANT GUY, 2567, Correctional Division, Sangamon County Sheriff's Department, Sangamon County, Illinois, <br><br> Defendants. <br>_____ <br><br> SERGEANT BRIAN CAREY, <br><br> Counter-Plaintiff, <br><br> v. <br><br> STEPHEN BLACK, <br><br> Counter-Defendant. | No. 07-CV-3317 |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is set for trial on February 2, 2010. On January 13, 2010, the Court issued an Opinion (d/e 53), ruling on jury instructions tendered by the parties and presenting Court's Instructions 1 through 6. Defendants/Counter-

Plaintiff object to Court's Instruction 1 and 2 and have submitted three proposed supplemental instructions.  Defendants'/Counter-Plaintiff's Submission of Supplemental Jury Instructions and Objection to the Court's Instructions (d/e 54). After carefully considering the case file and the submissions of the parties, the Court allows and rejects the supplemental instructions as set forth below.

Plaintiff does not object to Defendants/Counter-Plaintiff's Instruction No. 19, and it will be given as tendered.

Defendants/Counter-Plaintiff object to Court's Instructions 1 and 2 and have submitted Defendants/Counter-Plaintiff's Instructions 12A and 12B as alternate proposed substitute instructions.  Plaintiff objects to Defendants/Counter-Plaintiff's Instructions 12A and 12B, arguing that Court's Instructions 1 and 2 are correct as stated.  Court's Instruction 1 is a modified version of Seventh Circuit Pattern Instruction 7.08, which is titled "Fourth Amendment/ Fourteenth Amendment: Excessive Force against Arrestee or Pretrial Detainee – Elements," and Court's Instruction 2 is a modified version Seventh Circuit Pattern Instruction 7.09, which is titled "Fourth Amendment/Fourteenth Amendment: Excessive Force – Definition of 'Unreasonable.'" In an Opinion (d/e 53), dated January 13, 2010, this Court determined that Court's Instructions 1 and 2 were appropriate and rejected Defendants/Counter-Plaintiff's argument that an

instruction based on Seventh Circuit Pattern Instruction 7.15 should be given.[1] In doing so, the Court relied on Committee Comments to the proposed instructions which indicate that Seventh Circuit Pattern Instruction 7.08 applies to cases involving arrestees and pretrial detainees, while Seventh Circuit Pattern Instruction 7.15 applies to cases involving convicted prisoners. Defendants/ Counter-Plaintiff's Instructions 12A and 12B are modified versions of Seventh Circuit Pattern Instruction 7.15.

Resolution of the pending objections require analysis of the shift in Constitutional protection which occurs as an arrest progresses to detention and on to incarceration. Lewis v. Downey, 581 F.3d 467, 473 (7th Cir. 2009) ("The scope of an individual's right to be free from punishment – and, derivatively, the basis for an excessive force action brought under § 1983 – hinges on his status within the criminal justice system.") In Lopez v. City of Chicago, the Seventh Circuit clarified that "the protections of the Fourth Amendment apply at arrest and through the Gerstein probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction." Lopez, 464 F.3d 711, 719 (7th Cir. 2006). A Gerstein hearing provides a judicial determination of probable cause, which is a prerequisite to an extended restraint

---

[1] Seventh Circuit Pattern Instruction 7.15 is entitled "Eight Amendment: Excessive Force Against Convicted Prisoner – Elements."

of liberty following a warrantless arrest. Gerstein v. Pugh, 420 U.S. 103, 125 (1975). Under most circumstances, a Gerstein hearing must be held within forty-eight hours of a warrantless arrest. County of Riverside v. McLaughlin, 500 U.S. 44, 56-57 (1991). However, as the Lopez Court noted, "[t]he judicial determination of probable cause may be made before the arrest (in the form of an arrest warrant)" making a post-arrest Gerstein hearing unnecessary. Lopez, 464 F.3d at 718.

Based on the current record, the Court anticipates that the evidence will show that Plaintiff Black was being held on a contempt of court warrant at the time of the incident in question. Thus, Black had the benefit of a judicial determination of probable cause at the time of the incident in question and qualified as a pretrial detainee. As such, his claims are governed by the Fourteenth Amendment's due process standard. The Seventh Circuit instructs as follows:

> Pretrial detainees . . . have not been convicted or sentenced and thus are not yet "punishable" under the law. See Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ("[A pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."). This means that pretrial detainees "may not be 'punished' by the state in any way." Wilson, 83 F.3d at 875 (emphasis added). As such, pretrial detainees couch excessive force claims as violations of their Fourteenth Amendment rights to due process, not infringements on the Eighth Amendment's ban on cruel and unusual punishment.

Lewis, 581 F.3d at 473.

Defendants/Counter Plaintiff assert that the practical standards to be applied to Plaintiff Black are those of the Eighth Amendment. The Seventh Circuit has expressly recognized that "[i]n some contexts, such as claims of deliberate indifference to medical needs, the Eighth and Fourteenth Amendment standards are essentially interchangeable." Lewis, 581 F.3d at 473. However, this is not the case in excessive force claims. The Seventh Circuit has held that "the distinction between the two constitutional protections assumes some importance for excessive force claims because the Due Process Clause, which prohibits all 'punishment,' affords broader protection than the Eighth Amendment's protection against only punishment that is 'cruel and unusual.'" Id. at 473-74; see also Wilson v. Williams, 83 F.3d 870, 875 (7th Cir. 1996) (noting that the Fourteenth Amendment's protection "necessarily extends beyond the prohibition of merely 'cruel and unusual' punishment," resulting in "a higher standard [of protection] than that provided by the Eighth Amendment"). Unfortunately, "the exact contours of any additional safeguards remain undefined" by the Supreme Court. Lewis, 581 F.3d at 474 (citing Wilson, 83 F.3d at 875).

In Wilson, a pretrial detainee case, the Seventh Circuit upheld the use of jury instructions borrowed from Fourth Amendment arrestee cases, noting that "'[m]ost of the time the propriety of using force on a person in custody pending

trial will track the Fourth Amendment . . . .'" Wilson, 83 F.3d at 875-76 (quoting Titran v. Ackman, 893 F.2d 145, 147 (7th Cir. 1990)).  The Court noted that this Fourth Amendment standard would be appropriate under Wilson's version of the facts, which were that a corrections officer threw Wilson to the floor after Wilson laughed at him and a struggle between the two ensued.  Id. at 872, 876.  However, the Wilson Court went on to state that, in cases in which a guard was attacked and was acting in self-defense in a prison security context, the Eighth Amendment standard would arguably supplant the Fourth Amendment one.  Id. at 876.  The Wilson Court "assume[d], without deciding, that in the prison security context, the applicable standard for excessive force claims is provided by the Eighth Amendment," i.e., "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Id. at 876-77.

Defendants/Counter Plaintiff cite the unpublished decision in Johnson v. Moeller, 2008 WL 695042 (7th Cir. Mar. 14, 2008), as well as a district court opinion in Forrest v. Prine, 2009 WL 2905928 (C.D.Ill. Sept. 4, 2009), for the proposition that the Eighth Amendment standard should be used, i.e., that Black should be required to establish that force was exercised maliciously and sadistically to cause harm rather than to restore order.  Johnson involved an altercation between Johnson and another detainee, Robert Barker.  Guards

stepped in to break up the altercation and attempted to transport Johnson and Barker to a separate holding area. During the transport, a guard removed Johnson's handcuffs in order to place him in metal restraints. However, once the handcuffs were removed, Johnson lunged in the direction of Barker and threw a punch that struck a female guard in the face, knocking her and Barker to the floor. A security tape revealed that Defendant Deputy Moeller then struck Johnson once in the back with the metal restraints he was carrying, pushed him to the floor, and placed him in handcuffs. According to the tape, once Johnson was on the floor, Deputy Moeller did not strike him again; however, Johnson asserted that the tape had been altered and that Moeller actually hit him six to eight times in the head after he had complied with an order to lie down on the floor. The Johnson Court cited Wilson for the proposition that Eighth Amendment standards applied to Johnson's excessive force claim. Johnson, 2008 WL 695042, at *2. Specifically, the Court held that, to withstand summary judgment, Johnson was required to "submit evidence showing a genuine issue of fact regarding whether Deputy Moeller used force 'maliciously and sadistically to cause harm' instead of to restore order." Id. (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992); Fillmore v. Page, 358 F.3d 496, 503 (7th Cir.2004) (both of which are Eighth Amendment cases involving sentenced prisoners)).

As Lewis makes clear, a pretrial detainee raising an excessive force claim is generally entitled to broader protection than that afforded under the Eighth Amendment. Lewis involved a pretrial detainee who was tased when he failed to comply with an order to rise from his bed. Lewis, 581 F.3d at 470. Lewis, acting pro se, brought suit under § 1983, but alleged violations of only the Eighth Amendment. The defendants did not object to the improper basis for Lewis's action. The Seventh Circuit noted that, as the case was presented, Lewis sought more limited protection than he might otherwise deserve. The Court determined that it would not consider any safeguards that the Fourteenth Amendment provided beyond those shared with the Eighth Amendment based on the fact that Lewis argued only for the more limited protections.

In the instant case, Black has not limited himself to an Eighth Amendment claim. Moreover, the Court is not convinced that the instant case falls under the prison disturbance scenario envisioned in Wilson. Based on Counter Plaintiff Carey's Counterclaim (d/e 24), the Court anticipates that the evidence will show, at most, that Black refused to take a shower and used offensive language stating that he would not take a shower; that Defendants used force to attempt to force Black to take a shower; and that instead of complying after the use of force, Black struggled, resisted, and struck Carey in the face. Counterclaim, ¶¶ 3-5. Under such circumstances, this case is factually similar to Lewis and to the

version of facts presented by Wilson in the <u>Wilson</u> case.[2]  There is nothing to indicate that "the Eighth Amendment's limited safeguards against only 'cruel and unusual' punishment should supplant the Fourteenth Amendment's broader protections against punishment 'in any way.'" <u>Lewis</u>, 581 F.3d at 474.  Therefore, Defendants/Counter Plaintiff's Proposed Jury Instructions No. 12A and 12B, both of which are based on Seventh Circuit Pattern Instruction 7.15 and employ an Eighth Amendment standard, are not appropriate.  These proffered instructions are rejected.

Defendants/Counter Plaintiff challenge the propriety of Court's Instructions 1 and 2, arguing that the Committee Comments to Seventh Circuit Pattern Instructions 7.08 and 7.15 are no longer applicable.  Defendants assert that "the Seventh Circuit has unequivocally declared that although pretrial detainees are protected by the Fourteenth Amendment and not the Eighth Amendment, the Court has assessed their claims that arise from incarceration under the standards of the Eighth Amendment, and the Court has assumed that those standards apply to their claims of excessive force as well." <u>Defendants'/Counter-Plaintiff's Submission of Supplemental Jury Instructions and Objection to the Court's Instructions</u>, p. 2.  However, as set forth above, <u>Lewis</u> makes clear that

---

[2]The Court is not persuaded by <u>Forrest v. Prine</u>, 2009 WL 2905928, which, without detailed analysis, applied an Eighth Amendment excessive force standard to an individual who was tased when he refused to comply with a strip search at the time he was being booked into jail following a warrantless arrest.

this is not the case in excessive force cases.  Lewis, 581 F.3d at 473-74; see also Davis v. Peoria County, 2009 WL 3258318, *5 & n.4 (C.D. Ill. October 08, 2009) (holding that reasonableness under the circumstances is the key analysis for both Fourth Amendment and Fourteenth Amendment claims); Tanner v. Metz, 2009 WL 2868448, *3 (E.D. Wis. Sept. 01, 2009). Additionally, the drafters of Seventh Circuit Pattern Instructions 7.08 and 7.15 were aware of Wilson, which remains good law in the Circuit, and incorporated it into their drafting.  See Committee Comments to Seventh Circuit Pattern Instructions 7.08 & 7.09.  Thus, Court's Instructions 1 and 2, based on Seventh Circuit Pattern Instructions 7.08 and 7.09, provide an accurate statement of applicable law in this Circuit. Defendants/Counter Plaintiff's objections to these instructions are overruled. Court's Instructions 1 and 2 will be given.

THEREFORE, for the reasons set forth above, Defendants/Counter Plaintiff's Proposed Jury Instruction No. 19 will be given without objection. Defendants/Counter Plaintiff's Proposed Jury Instructions No. 12A and 12B are refused.  Court's Instructions 1 and 2 will be given over objection by Defendants/ Counter Plaintiff.  The Court and the parties will revisit the instructions at the close of evidence outside the presence of the jury to examine their propriety in light of the evidence presented at trial and the Court's rulings during the course of the trial.

IT IS THEREFORE SO ORDERED.

ENTER:   January 29, 2010

       FOR THE COURT:

                          *s/ Byron G. Cudmore*
                         _____
                             BYRON G. CUDMORE
                        UNITED STATE MAGISTRATE JUDGE